## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

**ALEXIS SERRANO, on his own behalf and
others similarly situated,**

**Plaintiff,**

**-vs-**                                                    **Case No.  2:10-cv-293-FtM-29DNF**

**GATEWOOD GLASS, INC. a Florida profit
corporation,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration on the parties' Joint Motion for Approval of Proposed Settlement

Agreement (Doc. 28) filed on September 24, 2010.  The Plaintiff, Alexis Serrano, Opt-In Plaintiff, Luis

Camuzo, and the Defendant, United Subcontractors, Inc. are requesting that the Court approve the parties'

settlement of the Fair Labor Standards Act ("FLSA") claim. To approve the settlement, the Court must

determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims

raised pursuant to the Fair Labor Standards Act ("FLSA").  *Lynn's Food Store, Inc. v. United States*, 679 F.2d

1350, 1355 (11ᵗʰ Cir. 1982), and 29 U.S.C. §216.  There are two ways for a claim under the FLSA to be settled

or compromised.  *Id*. at 1352-3.  The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to

supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.  The second is under 29 U.S.C.

§216(b) when an action is brought by employees against their employer to recover back wages. *Id*.  When the

employees file suit, the proposed settlement must be presented to the district court for the district court review

and determination that the settlement is fair and reasonable.  *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiffs worked as installers, installing mirrors and doors.  The Plaintiffs were represented by counsel throughout this litigation. There are disputed issues of fact and law as to the Plaintiffs' alleged claims against the Defendant.  The Court reviewed the Settlement Agreement and Release (Doc. 28-1) which is attached to the Joint Motion for Approval of Proposed Settlement Agreement.   The parties settled this case for a total of $9,000.00. Alexis Serrano shall receive $1500 in unpaid wages and $1500 in liquidated damages. The Opt-In Plaintiff, Luis Camuzo shall receive $1,000 in unpaid wages and $1000 in liquidated damages. Counsel for the Plaintiffs shall receive $4,000.00 for attorney's fees and costs.  The Court finds this settlement to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Joint Motion for Approval of Proposed Settlement (Doc. 28)  be granted and the Settlement Agreement and Release (Doc. 28-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this _____28th_____ day of September, 2010.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record